IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, as Subrogee of Prodigem, LLC | § § § § | |
| Plaintiff | § § | CIVIAL ACTION NO. 14-CV-00405 |
| vs. | § § § | JURY TRIAL DEMANDED |
| TRIANGLE F CONSTRUCTION, LLC | § § | |
| Defendant | § | |

## DEFENDANT TRIANGLE F CONSTRUCTION, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant TRIANGLE F CONSTRUCTION, LLC (Hereinafter, "Defendant") files this Answer to Plaintiff's Original Complaint as follows:

The first 16 paragraphs of this pleading are numbered to correspond to the paragraphs specified in the Plaintiff's Complaint.

### I. ADMISSIONS AND DENIALS

### THE PARTIES

1.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph .2

3.  Defendant denies that it is a corporation, but admits it is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 4226 North China Road, Beaumont, Texas 77713.

## JURISDICTION AND VENUE

4. Defendant admits that the parties are citizens of different states but lacks knowledge or information sufficient to admit or deny the rest of the allegations of paragraph 4.

5. Defendant admits the allegations set forth in Paragraph 5.

## GENERAL AVERMENTS

6. Defendant admits that Prodigem, LLC owned or occupied the property at The Shire Apartments – 4020 Highway 365, Port Arthur, Texas.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8. Defendant admits the allegations set forth in paragraph 8.

9. Defendant denies the allegations set forth in paragraph 9.

10. Defendant denies the allegations set forth in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

## COUNT I
## NEGLIGENCE – TRIANGLE F CONSTUCTION, LLC

13. The allegations set forth in paragraph 13 require no response.

14. Defendant denies the allegations set forth in paragraph 14 and objects and denies the allegations set forth below:

   a. Defendant denies the allegation set forth in this subsection.

b. Defendant objects to this subsection as vague and ambiguous. The allegations in this subsection do not provide information sufficient for Defendant to form a response, and Plaintiff should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. Defendant therefore denies the allegations in this subsection.

c. Defendant objects to this subsection as vague and ambiguous. The allegations in this subsection do not provide information sufficient for Defendant to form a response, and Plaintiff should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. Defendant therefore denies the allegations in this subsection.

d. Defendant objects to this subsection as vague and ambiguous. The allegations in this subsection do not provide information sufficient for Defendant to form a response, and Plaintiff should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. Defendant therefore denies the allegations in this subsection.

e. Defendant objects to this subsection as vague and ambiguous. The allegations in this subsection do not provide information sufficient for Defendant to form a response, and Plaintiff should be ordered to provide a more definite statement of the phrases and words utilized in accordance

    with Rule 12(e) of the Federal Rules of Civil Procedure. Defendant therefore denies the allegations in this subsection.

  f. Defendant objects to this subsection as vague and ambiguous. The allegations in this subsection do not provide information sufficient for Defendant to form a response, and Plaintiff should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. Defendant therefore denies the allegations in this subsection.

  g. Defendant objects to this subsection as vague and ambiguous. The allegations in this subsection do not provide information sufficient for Defendant to form a response, and Plaintiff should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. Defendant therefore denies the allegations in this subsection.

## JURY DEMAND

15. The allegations set forth in paragraph 15 require no response.

## RESERVATION OF RIGHTS

16. The allegations set forth in paragraph 16 require no response.

## PLAINTIFF'S PRAYER FOR RELIEF

17. Defendant denies that Plaintiff is entitled to any relief in its suit against Defendant, including the following:

## II. AFFIRMATIVE DEFENSES

18. Defendant's responses in Paragraphs I - 17 set forth above are hereby incorporated by reference. Defendant further pleads each of the following affirmative defenses in the alternative:

19. Defendant asserts that the damages made the basis of this lawsuit were caused by the acts and omissions of other parties, whether a party to this lawsuit or not, over whom Defendant had no supervision or control, and their conduct proximately caused the Plaintiff's alleged damages;

20. Defendant asserts that no act or omission on its part was a proximate cause or cause-in-fact of the damages alleged herein;

21. Defendant further asserts that the damages alleged in this suit resulted from an intervening, superseding, new or independent cause, each of which was the proximate cause, producing cause or sole proximate cause of the alleged damages;

22. Defendant reserves the right to submit an issue on the negligence of the Plaintiff, any settling defendant, any third-party defendant, any responsible third party, and any other parties, whether a party to this lawsuit or not, in accordance with section 33.003 of the Texas Civil Practice and Remedies Code;

23. Defendant further pleads that an unknown Person (hereafter "John Doe") caused the damages claimed. On information and belief, John Doe intentionally set fire to the tar paper on the exterior of the building resulting in the fire damaged claimed by Plaintiff.

## III. JURY DEMAND

24. Defendant affirmatively requests a jury trial.

## IV. CONCLUSION AND RELIEF REQUESTED

25.     For the reasons stated above, Defendant TRIANGEL F CONSTRUCTION, LLC respectfully requests that the Court enter Judgment that Plaintiff, take nothing on its claims and any other relief to which Defendant may be entitled.

                              Respectfully submitted,


                              By:  */s/ Joseph M. Heard*
                                    Joseph M. Heard
                                    Federal ID No. 1295
                                    State Bar No. 09337500
                                    HEARD & MEDACK, P.C.
                                    9494 Southwest Freeway, Suite 700
                                    Houston, Texas 77074
                                    Telephone:   (713) 772-6400
                                    Facsimile:   (713) 772-6495
                                    Email: jheard@heardmedackpc.com

                                    ATTORNEY-IN-CHARGE FOR DEFENDANT
                                    TRIANGLE F CONSTRUCTION, LLC

Of Counsel:
William E. Calvert II
Federal ID No. 570837
State Bar No. 24045605
Email:  wcalvert@heardmedackpc.com
HEARD & MEDACK, P.C.
9494 Southwest Freeway, Suite 700
Houston, Texas 77074
Telephone:   (713) 772-6400
Facsimile:   (713) 772-6495

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached was duly served upon each party by facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 28th day of August, 2014.

| | |
|---|---|
| **Via Facsimile (214) 462-3299** | **Via Facsimile (215) 665-2013** |
| James Dendinger | James P. Cullen, Jr. |
| Cozen O'Connor | Cozen O'Connor |
| 1717 Main Street, Suite 3400 | 1900 Market Street |
| Dallas, TX 75201 | Philadelphia, PA 19103 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

                                       */s/ Joseph M. Heard*
                                       Joseph M. Heard